**COMMONWEALTH of Pennsylvania**

v.

**Clayton T. HECKMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 2007.

Filed July 9, 2007.

See also 913 A.2d 941.

Clayton T. Heckman, appellant, pro se.

John M. Morganelli, Asst. Dist. Atty., Easton, for the Com., appellee.

BEFORE: LALLY–GREEN, McCAFFERY, and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Clayton Heckman, acting *pro se*, appeals from the order of the Court of Common Pleas of Northampton County, affirming the District Attorney's refusal to

prosecute Heckman's private criminal complaints. On appeal, Heckman raises two interrelated issues:

> [w]hether the lower court erred when they concluded the district attorney acted within his discretion and his actions were not a gross abuse of discretion. [t]he common pleas court erred by making on [sic] legal assessment of the evidence, and only following the district attorneys [sic] judgment, charges involving "clear and present danger" to any person or to the community arent [sic] subject to district attorney "policy" and "discretions."

Heckman's Brief at 3. After a careful review, we affirm.

¶ 2 Following a jury trial, Heckman was convicted of driving under the influence,[1] fleeing and eluding,[2] and several summary offenses including driving while under a DUI-related suspension.[3] Following his conviction, Heckman was sentenced to an aggregate term of incarceration of two-and-a-half (2½) to seven (7) years. Heckman filed a direct appeal and his conviction was affirmed by this Court on October 27, 2006. *Commonwealth v. Heckman,* 913 A.2d 941 (Pa.Super.2006) (table).

¶ 3 In August 2006, Heckman filed three private criminal complaints. The first was against the Honorable Edward Smith, the presiding judge at Heckman's criminal trial; the second was against the prosecutor as his criminal trial, Northampton County Assistant District Attorney Abraham Kassis; and the third was against Police Officer Michael Hunsicker, a witness at Heckman's criminal trial. Heckman accused Judge Smith of obstructing the administration of law or other governmental functions and official oppression; A.D.A. Kassis of criminal conspiracy, obstructing the administration of law or other governmental functions, and official oppression; and Officer Hunsicker of perjury, false swearing, unsworn falsification, false reports to law enforcement authorities, tampering with or fabrication of physical evidence, official obstruction, "administration law interference", conspiracy, causing unlawful restraint, and false imprisonment. In sum, Heckman alleges that Officer Hunsicker conspired with A.D.A. Kassis to present fabricated evidence at Heckman's criminal trial and that Judge Smith failed to take action when apprised that the evidence was false.

¶ 4 The District Attorney of Northampton County reviewed the complaint and, upon concluding that it was frivolous, disapproved it. Heckman then moved for judicial review of the complaints. The trial court reviewed the complaints and affirmed the District Attorney's disapproval. In his decision, the trial judge held that the District Attorney's decisions were policy based and, as there was no showing of bad faith, fraud, or unconstitutionality, could be not be overturned. Trial Court Opinion, dated December 5, 2006 at 3. This instant, timely appeal followed.[4]

¶ 5 An *en banc* panel of this Court has recently addressed the proper standard of review in appeals from disapprovals of pri-

---

1. 75 Pa. Cons.Stat. Ann. § 3802(a)(1) (fourth offense).

2. 75 Pa. Cons.Stat. Ann. § 3733(a).

3. 75 Pa. Cons.Stat. Ann. § 1543(b).

4. We note that the Commonwealth has contested the timeliness of Heckman's appeal. However, our review of the certified record shows that Heckman placed his appeal in the hands of prison authorities for mailing within the thirty-day period contemplated by Pa. R.A.P. 903(a). Thus, under the "prisoner mailbox rule" the appeal is timely. *See Commonwealth v. Wilson,* 911 A.2d 942, 944 n. 2 (Pa.Super.2006).

vate criminal complaints. *In re Wilson,* 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*). The *Wilson* court held that:

> [w]e further hold that when the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.... Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters.... The district attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness.... The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*Id.,* at 215 (internal citations omitted).

■ ¶ 6 A close review of the record demonstrates that the trial court did not abuse its discretion in affirming the disapproval of Heckman's private criminal complaints. Heckman's private criminal complaints, which are all but incomprehensible, appear to point to alleged discrepancies between the evidence proffered at the trial in his criminal case and the evidence at the preliminary hearing;[5] from these discrepancies he extrapolates a conspiracy between A.D.A. Kassis and Officer Hunsicker to use fabricated evidence to obtain his conviction. Judge Smith is implicated because he failed to respond to Heckman's allegations regarding this conspiracy theory at sentencing.

¶ 7 The trial court viewed Heckman's private criminal complaints as a back-door attack on his convictions, and, correctly noted that issues regarding the credibility of witnesses and the sufficiency of the evidence had already been decided by both the jury at Heckman's trial and by this Court on direct appeal. As such, the trial court found that the District Attorney had sound policy reasons for disapproving Heckman's private criminal complaints. We see no basis for disturbing this holding as Heckman has failed to meet his burden to establish that the District Attorney's policy decision was motivated by bad faith or unsound reasoning. We therefore affirm the decision of the lower court.

¶ 8 Order affirmed. Jurisdiction relinquished.

---

5. We note that Heckman has not supplied the transcripts from any of the referenced proceedings and it is impossible to follow his garbled narrative of the events in order to discern the specific nature of the alleged discrepancies.