J-S58020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: EDGAR B. MURPHY, JR.

APPEAL OF: EDGAR B. MURPHY, JR.

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 593 MDA 2015

Appeal from the Order Entered March 2, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-MD-0000134-2015

BEFORE: GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:          **FILED NOVEMBER 06, 2015**

Appellant, Edgar B. Murphy, appeals *pro se* from the order entered on March 2, 2015 dismissing his petition for review of the Commonwealth's disapproval of Appellant's private criminal complaint against three police officers. Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. Following trial, a jury convicted Appellant of three counts of indecent assault, two counts of involuntary deviate sexual intercourse, and one count of sexual assault resulting from Appellant's sexual misconduct with his biological adult daughter. On November 8, 2007, the trial court sentenced Appellant to an aggregate term of seven to 20 years of imprisonment. This Court affirmed the judgment of sentence on December 2, 2008 and, on April 29, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Murphy***, 965 A.2d 299 (Pa. Super. 2008), *appeal denied*, 970 A.2d 429 (Pa. 2009). On July 17,

_____

* Retired Senior Judge assigned to the Superior Court

2009, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed an amended petition on October 5, 2009. Following a hearing, the PCRA court denied relief. We affirmed the decision on August 22, 2011.

On September 25, 2014, Appellant filed a private criminal complaint against three officers involved in the underlying investigation, alleging criminal conspiracy, unsworn falsifications to authorities, false swearing and tampering with public records in their handling of the case. The Dauphin County District Attorney's Office reviewed Appellant's allegations, determined criminal charges were unwarranted, and disapproved the private complaint. On February 15, 2015, Appellant filed a petition for review from the denial of his private criminal complaint with the Dauphin County Court of Common Pleas. The trial court denied relief on March 2, 2015. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue, *pro se*, for our review:

> Did the trial court abuse[] [its] discretion in denying Appellant's petition for review and affirming the District Attorney's denial of Appellant's private criminal complaint against Lt. Detective Roy, Detective Massey, and Officer

---

[1] Appellant filed a notice of appeal on March 18, 2015. On April 14, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on April 29, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 6, 2015.

> Lauver, that set forth a strong *prima facie* showing that they subjected Appellant to falsified evidence, deprivation of liberty, obstruction of justice, malicious prosecution, unreasonable seizure, false imprisonment, conspiracy, fraud on the court, perjured testimony, [*M*]*iranda*[2] rights violation, no subject matter jurisdiction, omission of pertinent facts, bias, and illegal search and seizure. All in violation of Appellant's 4th, 5th, 6th, 14th [amendment] and due process rights [] to both the state and federal constitutions.

Appellant's Brief at 7 (superfluous capitalization omitted).

Appellant argues the Commonwealth erred by disapproving his private criminal complaints against Lieutenant Detective Edlis Roy, Officer Stacey Lauver, and Detective Elijah Massey of the Harrisburg Police Department. Appellant claims that when investigating the allegations of sexual misconduct against his daughter, the three aforementioned officers misled the District Attorney into filing charges against him. *Id.* at 14. He further maintains Detective Massey admitted to falsifying the affidavit of probable cause and police reports to include statements not actually made by the victim. *Id.* at 19. Appellant also claims Officer Lauver and Detective Massey conspired with Lieutenant Detective Roy who was engaged in an adulterous affair with the victim, Appellant's biological daughter. *Id.* at 24. He contends the court should have hired an independent special prosecutor to investigate his claims. *Id.* Appellant avers the Commonwealth engaged

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

in selective prosecution and grossly abused its discretion in failing to approve his private criminal complaints. *Id.* at 29.

Our standard of review is as follows:

[…W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

We further hold that when the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. […T]he private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters.

- 4 -

*In re Wilson*, 879 A.2d 199, 214-215 (Pa. Super. 2005) (internal citations and footnotes omitted).

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Hunt*, 858 A.2d 1234 (Pa. Super. 2004) (*en banc*) (citation omitted).

In this case, the trial court relied upon our decision in *Commonwealth v. Heckman*, 928 A.2d 1077 (Pa. Super. 2000) in upholding the District Attorney's disapproval of Appellant's private criminal complaint. In *Heckman*, Heckman filed private criminal complaints against the presiding judge, the prosecutor, and an investigating officer and witness at his trial for driving under the influence of alcohol. *Heckman*, 928 A.2d at 1078. Therein,

> Heckman's private criminal complaints […] point[ed] to alleged discrepancies between the evidence proffered at the trial in his criminal case and the evidence at the preliminary hearing; from these discrepancies he extrapolate[d] a conspiracy between [the District Attorney] and [the investigating officer] to use fabricated evidence to obtain his conviction. [The trial judge was] implicated because he failed to respond to Heckman's allegations regarding this conspiracy theory at sentencing.
>
> The trial court viewed Heckman's private criminal complaints as a back-door attack on his convictions, and, [] noted that issues regarding the credibility of witnesses and the sufficiency of the evidence had already been decided by

both the jury at Heckman's trial and by this Court on direct appeal. As such, the trial court found that the District Attorney had sound policy reasons for disapproving Heckman's private criminal complaints. [On appeal, we saw] no basis for disturbing this holding as Heckman [] failed to meet his burden to establish that the District Attorney's policy decision was motivated by bad faith or unsound reasoning.

*Id.* at 1079.

*Sub judice*, the trial court determined:

In this case, Appellant points to alleged discrepancies between witness statements made to police, facts averred in the [a]ffidavit of [p]robable [c]ause and trial testimony by Detective Massey who he contends admitted on the witness stand that the police reports contained false statements.

Appellant has not provided a copy of the testimony wherein Detective Massey was to have made such a monumental admission [that he falsified documents] and, nevertheless, the District Attorney's assessment was correct that any discrepancies are left to the jury when the witness' credibility is weighed. Further, the conviction and any claimed credibility determinations were already determined by the jury and the sufficiency of the evidence was reviewed and affirmed by the Superior Court. Regarding his allegation that a romantic relationship between Detective Roy and the victim [] is evidence of a preconceived bias is no more than a bald allegation for which he has not provided a single piece of evidence in support.

As determined by the trial court in **Heckman** and affirmed by the Superior Court upon review, the filing of Appellant's private complaint was merely a 'back-door attack on his convictions' and an attempt to re-litigate issues already decided or to raise issues not cognizable by way of criminal complaint. Therefore, based upon the reasoning set forth above, [the trial court found] that the District Attorney's discretion was exercised in a lawful, constitutional manner as [Appellant] failed to establish any sort of bad faith or

- 6 -

arbitrariness in the disapproval of the private criminal complaint.

Trial Court Opinion, 7/6/2015, at 9-10.

After careful review, we discern no error of law or abuse of discretion by the trial court in affirming the Commonwealth's disapproval of Appellant's private criminal complaints. The jury properly resolved discrepancies in police documentation and testimony from the various officers at Appellant's trial and we affirmed Appellant's convictions on appeal. Moreover, regarding Appellant's suggestion that Detective Massey admitted to falsification of the affidavit of probable cause and subsequent police reports, Appellant baldly references notes of testimony from his trial. **See** Appellant's Brief at 22. However, the notes of testimony are not included in the certified record.[3] Appellant failed to meet his burden to establish that the District Attorney's decision to disapprove his private criminal complaint was motivated by bad faith or unsound reasoning. Accordingly, we affirm.[4]

_____

[3] "It is appellant's responsibility to ensure that the appellate court has a complete record for purposes of appellate review." **Commonwealth v. Thomas**, 684 A.2d 1085, 1088 n.1 (Pa. Super. 1996). "[A]lthough this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-252 (Pa. Super. 2003).

[4] Appellant filed a pro se response to the trial court's memorandum opinion and a pro se application to amend that response on July 21, 2015. In his pro se response to the trial court's opinion, Appellant makes additional, unrelated allegations that are not necessary for our disposition as set forth above. In his pro se application to amend, Appellant sought to attach a trial court order to his appellate brief. More specifically, the order at issue

*(Footnote Continued Next Page)*

Order affirmed.  Appellant's application for relief is denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015

---

*(Footnote Continued)* ───────

entered on March 31, 2015 dismissed Appellant's untimely answer to the Commonwealth's response to his petition for review.  Again, this order was not necessary for our overall disposition.  Hence, we deny Appellant's requests.