J-A05022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY SENNETT, ESQUIRE | : | |
| | : | |
| | : | No. 1275 WDA 2018 |
| APPEAL OF: LOUIS J. ALIOTA | : | |

Appeal from the Order Entered August 1, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0000385-2018

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 14, 2019**

Louis J. Aliota ("Appellant") appeals from the August 1, 2018 order denying reconsideration of his request for judicial approval of a private criminal complaint.  We affirm.

Appellant is a Millcreek Township School Board Director.  He filed a private criminal complaint,[1] on his behalf "as well as taxpayers and voters of Millcreek Township," against Timothy Sennett, Esq. ("Sennett"), the Solicitor of Millcreek Township School District and School Board ("School Board"), and

---

[1] While the record is unclear regarding the date Appellant filed the complaint, Appellant asserts it was on February 20, 2018.  Appellant's Brief at 6.

Sennett's law firm, Knox Law Firm.[2]  Private Criminal Complaint; Appellant's Brief at 6 and 6 n.1.  In the complaint, Appellant averred that Sennett and Knox Law Firm should be prosecuted for election law violations and asserted that they established a political action committee ("LPAC") that contributed to candidates other than Appellant, who served on the School Board.  In addition, Appellant alleged that Sennett's invitation to Appellant and other political officials to the annual Erie Club Summer Picnic violated state campaign laws and demonstrated a conflict of interest.

Appellee, the Commonwealth of Pennsylvania, Erie County District Attorney ("the Commonwealth"), disapproved Appellant's private criminal complaint on the basis that it lacked prosecutorial merit.  Letter from Erie County District Attorney to Pennsylvania Attorney General, 4/18/18, at 1.  By letter dated May 4, 2018, the Pennsylvania Office of Attorney General declined to accept jurisdiction, stating that "the circumstances in each of these matters do not rise to the level of a conflict under the law."  Pennsylvania Office of Attorney General Letter, 5/4/18, at 1.

Thereafter, Appellant filed a Petition for Approval of Private Criminal Complaint in the Erie County Common Pleas Court on June 21, 2018.  While Appellant avers in his brief that the trial court held a hearing on June 21, 2018,

---

[2]  On December 21, 2018, Sennett filed a letter stating that he will rely upon the brief filed by the Commonwealth and the decision of the trial court. Sennett Letter to the Prothonotary of the Superior Court of Pennsylvania, dated 12/21/18 and received 12/24/18, at 1.

- 2 -

instead, on that date in motions court, Appellant presented his petition to the Honorable Daniel J. Brabender, who recused. In the course of judicial assignments by the Erie County Court Administrator, the matter was referred to Judge William R. Cunningham. Judge Cunningham, the trial court herein, entered an order on July 17, 2018, finding "no basis for any criminal charge against [Sennett]." Order, 7/17/18.

By motion dated July 31, 2018, and filed August 1, 2018, Appellant sought reconsideration of the denial of his private criminal complaint, and the trial court denied reconsideration that same day. Appellant filed a timely notice of appeal on August 31, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

    A. Whether the lower court abused its discretion in sustaining [the Commonwealth's] denial of a criminal complaint?

    B. Whether the lower court abused its discretion and committed an error of law in concluding that the Appellant's complaint lacked sufficient facts to state a violation of the statute?

Appellant's Brief at 5 (full capitalization omitted).

In addressing a district attorney's refusal to prosecute a private criminal complaint, our Court has consistently held that a determination that a private criminal complaint "lacks prosecutorial merit" is a policy determination. ***In re Private Complaint of Adams***, 764 A.2d 577, 581 (Pa. Super. 2000). When a district attorney's denial of a private criminal complaint is based wholly on

- 3 -

policy considerations, the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion. *In re Wilson*, 879 A.2d 199, 215 (Pa. Super. 2005). An appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. *Commonwealth v. Michaliga*, 947 A.2d 786, 791–792 (Pa. Super. 2008).

Further, a district attorney's decision not to prosecute a criminal complaint for policy reasons carries a presumption of good faith and soundness. *Michaliga*, 947 A.2d at 791–792 (quoting *Commonwealth v. Heckman*, 928 A.2d 1077, 1079 (Pa. Super. 2007)). The complainant, herein Appellant, "must create a record that demonstrates the contrary." *Michaliga*, at 792. Thus, our scope of review in policy-declination cases:

> is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without a legitimate basis in the record, substituted its judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*Michaliga*, 947 A.2d at 792. Both the District Attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions. *Commonwealth v. Muroski*, 506 A.2d 131, 137 (Pa. Super. 1986).

In his first issue, despite multiple pages at the start of his argument in his brief wherein he provides quotations regarding standards of review, Appellant's actual contention encompasses a few generalized claims for which he cites no legal authority or record support. Appellant's Brief at 16–21. Appellant contends that the Commonwealth was merely unwilling to investigate Sennett, *id.* at 21, and he avers that the Erie County District Attorney was biased. *Id.* at 22. Appellant suggests that "[t]here is a record of bias and unwillingness to investigate [Sennett,] a long–time solicitor." *Id.* Appellant baldly posits that the "decision was arbitrary since [the trial court] **failed to appreciate** the record before it." *Id.* (emphasis added). Appellant fails to identify evidence in the record supporting either bias or arbitrariness.

In his second issue, once again, Appellant advances broad assertions of bias without explanation or support. The basis for his argument of conflict of interest is that Sennett violated campaign finance laws by inviting political "figures" to a barbecue that others had to pay to attend, Appellant's Brief at 27, and that Sennett's LPAC made contributions to campaigns. *Id.* Appellant avers that when these facts were taken to the district attorney, he failed to "take measures to investigate the salient issues" and determine whether "recipients of the donations disclosed such monies from a political figure." *Id.* at 27–28. Appellant posits that Sennett also violated the Public Official and Employee Ethics Act, 65 Pa.C.S. §§ 1101–1113, which he asserts, without explanation, must be read in *pari materia* with the Election Code. Appellant's

Brief at 29. Appellant complains that he was never given the opportunity to present evidence at a hearing. *Id.* at 30.

The Commonwealth responds that although Appellant opines that it disapproved the private criminal complaint because it determined that insufficient evidence existed in the case, in addition to the absence of prosecutorial merit, the Assistant District Attorney noted only that the complaint "lacked prosecutorial merit." Commonwealth's Brief at 2 n.2. The Commonwealth maintains that under Pa.R.Crim.P. 506,[3] a private complainant has no right to an evidentiary hearing in connection with the trial court's review of the District Attorney's decision to disapprove a private criminal complaint. Commonwealth's Brief at 3 (citing ***Commonwealth v. Eisemann***, 419 A.2d 591 (Pa. Super. 1980)). Rather, the Commonwealth

---

[3] Pa.R.Crim.P. 506, Approval of Private Complaints, provides as follows:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

> (B) If the attorney for the Commonwealth:

>> (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

>> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

avers, Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the court of common pleas, following the District Attorney's adverse decision. Commonwealth's Brief at 3.

Appellant makes generalized claims of bias and unwillingness to investigate by the District Attorney but provides no record support. Following our review of the complete record, the law, and the parties' arguments, we conclude that the trial court opinion supports the determination that Appellant's private criminal complaint does not comply with "the essential requirements" set forth in Pa.R.Crim.P. 504. We rely on the trial court's Pa.R.A.P. 1925(a) opinion filed on October 2, 2018, in affirming the August 1, 2018 order. We direct the parties to attach the opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/14/2019

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
v. : CRIMINAL DIVISION

TIMOTHY SENNETT, ESQUIRE : NO. MD 385 OF 2018

## RULE 1925(A) OPINION

The presenting matter is the appeal from the denial of Appellant's request for judicial approval of a private criminal complaint.

In his Concise Statement of Matters, Appellant raises a host of superfluous matters. This Court is not privy to what occurred in Motion Court before Judges Brabender and Domitrovich. However, what may have occurred there is not relevant to the resolution of this case.

On or about June 21, 2018, Appellant submitted a document titled "PETITION FOR APPROVAL OF PRIVATE CRIMINAL COMPLAINT" (hereafter "Petition"). Upon the self-recusal by Judge Brabender, the Petition was assigned to this Court through the normal course of judicial assignments by the Erie County Court Administrator's Office.

As filed and presented to this Court, Appellant's Petition is comprised of 27 paragraphs spanning 4 pages. The gravamen of the Petition consisted of Appellant's reference to and his interpretation of the ethics requirements for public officials in Pennsylvania. He attached thereto 10 documents, the first being an incomplete Private Criminal Complaint.

In his attached Private Criminal Complaint, Appellant lists the Defendant as "Timothy Sennett, et.al. business 120 West 10th Street, Erie Pa. 16501." Appellant identified the complainant as "Louis J. Aliota and the Taxpayers/Voters Millcreek Township". He then referenced "Supplement Attachments #1-9".

*10*

The remainder of the Private Criminal Complaint was left blank. Nonetheless, this Court read each of Appellant's 9 "Supplement Attachments" to his Private Criminal Complaint.

Attachment 1 was a letter dated April 5, 2016 from Trisha Malehorn, Chief, Division of Campaign Finance and Lobby Disclosure, Pennsylvania Department of State, Bureau of Commissions, Elections and Legislation, to Appellant informing him there is no jurisdiction to address his complaint against "LPAC". The substance of Appellant's complaint is not discussed nor is the identity of Attorney Timothy Sennett referenced. The letter suggests to Appellant several agencies with jurisdiction to investigate his complaint.

Attachment 2 was simply Appellant's April 8, 2016 response to Malehorn's letter in which he expresses his disagreement with her position.

Attachment 3 is the January 29, 2016 cover letter by Appellant submitting his complaint to the Bureau of Commissions, Elections and Legislation. Appellant's complaint was thereafter dismissed as reflected in Attachment 1 referenced above.

Attachment 4 is a letter dated June 27, 2017 from Attorney Timothy Sennett, inviting Appellant to be his guest at the annual Erie Club picnic on July 27, 2017. Attachment 4 also contains Appellant's email response wherein he declines to accept the invitation to the picnic.

Attachment 5 appears to be comprised of three letters to Appellant from Robert P. Caruso, Executive Director for the Pennsylvania State Ethics Commission. Chronologically, the first letter, dated January 14, 2016, informed Appellant there is "no jurisdiction in these matters as the Ethics Act does not regulate the conduct of Political Action Committees in the support of candidates for office." This conclusion was in response to Appellant's request for an investigation alleging "that Timothy Sennett, Esq. and Timothy Wachter, Esq. violated provisions of the Public Official and Employee Ethics Act." The factual substance, if any, of

2

Appellant's allegations against these two attorneys is not mentioned in this letter. In the second letter dated May 11, 2016, Mr. Caruso informed Appellant that his "complaint fails to state a cause of action under any of the relevant provisions of the Ethics Act. As such, no investigation will be commenced." The third letter, dated May 18, 2016, Mr. Caruso informs Appellant that his complaints were investigated and there is no cause of action.

Attachment 6 is comprised of a series of emails between Appellant and the Superintendent of Millcreek School District. These emails start on January 15, 2016 and end on January 19, 2016. These emails reflect Appellant's belief there were ethics violations during the 2015 election for the Millcreek School Board.

Attachment 7 is a cover letter dated April 27, 2016 from Appellant to the State Ethics Commission in which he attaches excerpts of disconnected publications relating to ethics for public officials. There are no factual averments set forth in support of Appellant's complaint to the Ethics Commission.

Attachment 8 appears to be an email from him dated April 27, 2016 to Mr. Caruso in which Appellant electronically submitted the same ethics complaint against Attorney Timothy Sennett as also sent by regular mail in Attachment 7.

Attachment 9 is a copy of an email dated June 2, 2017 to Robert P. Caruso, Executive Director of the State Ethics Commission, outlining Appellant's reasons why there is a cause of action for an ethics violation against Attorney Timothy Sennett. There is no factual basis asserted by Appellant for his contention.

Appellant's Petition, Private Criminal Complaint and its 9 Attachments were reviewed in their entirety prior to the initial ruling denying the Petition on July 17, 2018; prior to denying

3

Appellant's request for reconsideration by Order dated August 1, 2018; and upon review of Appellant's Concise Statement of Matters for this appeal.

Appellant's submissions do not meet any of the requirements for the issuance of an arrest warrant. Pa.R.Crim.P. 513(B)(2) provides: "No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority...".

Appellant has failed to file any sworn affidavit(s) establishing probable cause for an arrest warrant. Glaringly absent is a recitation of any facts establishing probable cause that a crime was committed by Attorney Sennett. Appellant's interpretations of the ethics laws are not a substitute for real facts or evidence supporting a private criminal complaint. Notably, the Pennsylvania State Ethics Commission investigated Appellant's complaint and did not find a cause of action for an ethics violation.

After the Pennsylvania State Ethics Commission found Appellant's complaints deficient in May, 2016, the only remaining matter is Attachment 4, in which Appellant declined Attorney Sennett's offer to be his guest at the annual Erie Club picnic in June, 2017. There is no evidence of any crime in this exchange.

Appellant's submissions also do not comply with the essential requirements for the contents of a criminal complaint set forth in Pa.R.Crim.P. 504. There was no information provided regarding the purported Defendant's race, sex, date of birth or other names. More importantly, Appellant left blank any information about what crime occurred, where and when it occurred or any factual basis to support a criminal charge. On its face Appellant's Private Criminal Complaint was wholly deficient.

4

Appellant's demand for an evidentiary hearing is unavailing. He provides no support for his request. To the contrary, the rules preclude an evidentiary hearing prior to the issuance of a criminal complaint. Specifically, Pa.R.Crim.P. 513(B)(2) provides: "The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits".

Appellant does not have a due process right to a hearing to establish probable cause for an arrest warrant. Instead, the accused has a due process right to a hearing to challenge the probable cause for the issuance of an arrest warrant. At such a hearing, the only admissible evidence is the written affidavit attached to the arrest warrant. Pa.R.Crim.P. 513(B)(4).

In addition, the procedure for seeking a private criminal complaint permits the affiant to petition the court of common pleas for review of the prosecutor's disapproval but it does not mention or mandate that the affiant is entitled to an evidentiary hearing to establish probable cause. Pa.R.Crim.P. 506(2).

Nonetheless, every consideration was given to Appellant's Petition on three separate occasions. In each instance, there was no discernible crime identified by Appellant nor a factual basis alleged in support of any criminal charge against Attorney Timothy Sennett. Appellant needs to understand that to accuse someone of a crime and request that a private criminal complaint be issued is a serious matter that is not taken lightly. At a minimum, Appellant had a responsibility to proffer a factual basis for an identified crime. He has failed to do so for the District Attorney of Erie County, the Pennsylvania Office of Attorney General and before this Court.

Based on his filings in this case, Appellant also needs to understand it is not the role of the court to serve as his personal investigator.

5

The Clerk of Courts is directed to transmit the record to the appellate court.

BY THE COURT:

Date: 10/2/13

WILLIAM R. CUNNINGHAM, JUDGE

cc: District Attorney's Office
Louis Aliota, 538 Margo Court, Erie PA 16505
Timothy Sennett, Esquire, 120 West Tenth Street, Erie PA 16501

6