**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: LAVOND A. HILL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LAVOND A. HILL | No. 1939 MDA 2013 |

Appeal from the Order Entered August 28, 2013
In the Court of Common Pleas of Huntingdon County
Civil Division at No(s): CP-31-MD-0000106-2013

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 26, 2014**

Lavond Hill appeals from the order of August 28, 2013, dismissing his appeal pursuant to rule 506 of the Pennsylvania Rules of Criminal Procedure[1] and holding that the District Attorney of Huntingdon County acted within his discretion in denying Hill's private criminal complaint. Upon review, we affirm.

Hill was an inmate at State Correctional Institution – Smithfield, in Huntingdon County, Pennsylvania. Beginning on May 15, 2013, Hill filed multiple private criminal complaints asserting that a staff member had "illegally" deducted $12.00 from his inmate account. On May 21, 2013, the Huntingdon County District Attorney's Office denied the requests to approve a private criminal complaint, and Hill appealed this denial to the Huntingdon

_____

[1] The rule provides that private criminal complaints shall be submitted to an attorney for the Commonwealth, and if the attorney disapproves the complaint, the complainant may seek review in the court of common pleas. Pa.R.Crim.P. 506.

County Court of Common Pleas. On August 28 2013, the trial court dismissed the appeal, finding that the district attorney's office acted within its discretion in denying the private criminal complaint. Thereafter, Hill filed a timely appeal in this Court.

The review process for the denial of a private criminal complaint is well settled:

> if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review, and the trial court must first correctly identify the nature of the reasons given by the district attorney for denying the complaint. "Where the district attorney's denial [of a private criminal complaint] is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law."

*In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581 (Pa. Super. 2009) (quoting *In re Wilson*, 879 A.2d 199, 212 (Pa. Super. 2005)). However, "[w]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion." *Wilson*, 839 A.2d at 215. The decision of the district attorney not to prosecute a private criminal complaint for reasons including policy considerations creates a presumption of good faith and soundness. Indeed,

> [t]he complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court

- 2 -

> misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney.

*Id.*

Instantly, the district attorney's office dismissed Hill's private criminal complaint due to a lack of factual basis for the crime the complaint alleged. The crime which Hill complained of lacks a factual basis because Hill filled out and signed a request that the $12.00 at issue be sent to his attorney. Secondly, it is the policy of the district attorney's office not to become involved in disputes where an administrative process exists to resolve the issue, which is the case in this dispute. Thus, the denial of the private criminal complaint was based upon a hybrid of legal and policy considerations, and our standard of review is whether the trial court abused its discretion.

Here, not only does Hill's complaint lack legal merit, he also had an alternative administrative remedy to pursue. Thus, Hill has provided absolutely no evidence demonstrating that the trial court substituted its own judgment for that of the district attorney's office or otherwise abused its discretion. Accordingly, we find that the trial court did not abuse its discretion in denying Hill's private criminal complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014