J. A25006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  NIKHIL S. GOKLANEY             :        IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
APPEAL OF:  NIKHIL S. GOKLANEY         :
                                       :        No. 86 MDA 2016


Appeal from the Order Entered October 8, 2015,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-MD-0001376-2015


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 17, 2016**

Nikhil S. Goklaney appeals **pro se** from the October 8, 2015 order entered in the Court of Common Pleas of Dauphin County that denied his petition for review from the denial of his private criminal complaint.  We affirm.

The trial court set forth the following:

> The instant appeal arises from the Trial Court's denial of a Petition for Review of Private Criminal Complaint.  [Appellant] requested that the Dauphin County District Attorney's Office ("District Attorney's Office") pursue a private criminal complaint to prosecute Vincent Ortega for alleged harassment. On March 18, 2015, [appellant] submitted a private criminal complaint which requested that the Commonwealth file charges of Harassment and False Reports to Law Enforcement Authorities against Vincent Ortega.  The District Attorney's Office by Kristyne M. Sharpe, Esq., Deputy District Attorney responded by letter dated April 29, 2015, that, based upon their investigation, the requested criminal

---

\* Former Justice specially assigned to the Superior Court.

charges would be inappropriate and a successful prosecution highly unlikely. Assistant District Attorney Sharp [sic] found that the requested charges related to [appellant's] repeated attempts to engage his former wife and Mr. Ortega were related to a custody dispute properly addressed as a civil matter. Attorney Sharpe further noted that [appellant,] in fact, had been charged with harassment arising out of his repeated calls and text messages to Mr. Ortega. Attorney Sharpe apprised [appellant] of the decision of the District Attorney's Office as follows:

> Ultimately, your Private Criminal Complaint has been disapproved. I have determined that the use of limited resources to support a criminal prosecution in this matter would not be in the Commonwealth's best interest. Further, I feel that proving to a jury that Mr. Ortega committed the crime of harassment, beyond a reasonable doubt, would be highly unlikely.

On June 19, 2015, [appellant] filed a second Private Criminal Complaint in which he requested that the Commonwealth file charges based upon the same facts. Again, Assistant District Attorney Sharpe apprised [appellant] that the District Attorney's Office would not file charges against Mr. Ortega. Attorney Sharpe apprised [appellant] of the decision of the District Attorney's Office as follows:

> . . . After my investigation, which included review of the paperwork you submitted and review of the police reports from Derry township, I have *again concluded that criminal charges are inappropriate via a Private Criminal Complaint* and that a successful criminal prosecution, proving the charges beyond a reasonable doubt, is highly unlikely.

> I am confident the police are aware of your situation and are handling said matters appropriately. Should you have any questions regarding follow-up, I recommend contacting the police departments directly.
>
> It is my understanding that there is ongoing litigation regarding custody. Said litigation should be able to address any such matters between you and Mr. [a]nd Mrs. Ortega. As such, I have determined that the use of limited resources to support criminal prosecution in this matter would not be in the Commonwealth's interest.
>
> On October 2, 2015, [a]ppellant filed a Petition to Review the decision of the Dauphin County District Attorney's Office which denied his request to prosecute Vincent Ortega of alleged "harassment, falsely incriminating another and filing fictitious reports under [Sections] 2709(a)(2), 4906(a) and 4906(b) of the Pa. Crimes Code." On October 6, 2015, the Commonwealth filed a Response to the Petition for Review from Denial of [Appellant's] Private Criminal Complaint. We denied the Petition on October 7, 2015. [Appellant] filed a Notice of Appeal on November 6, 2015. [Appellant] then filed a Petition for Reconsideration which we denied on November 9, 2015.

Trial court opinion, 3/3/16 at 1-3 (record citations and asterisks omitted).

We note that in its opinion, the trial court stated that although it did not direct appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, appellant did so on December 7, 2015. (*Id.* at 3.) The record, however, reflects that on November 17, 2015, the trial court did, in fact, order appellant to file a Pa.R.A.P. 1925(b) statement within 21 days.

- 3 -

(Order of court, 11/17/15; Docket #14.) The order provided, among other things, that "[a]ny issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b)(1) shall be deemed waived." (*Id.*) Appellant filed a timely Rule 1925(b) statement that raised the following issues:

> 1. The Court denied [appellant's] petition for review even though Vincent and Christina Ortega stalked/followed [appellant] on December 25, 2014 with the intent to harass, annoy and alarm him and there is evidence of this available by way of a Derry Township Police Department incident report.
>
> 2. "Limited resources" cited by the Dauphin County District Attorney as the reason for not prosecuting is not a valid reason for not prosecuting a crime.

Concise statement of errors, 12/7/15 at 1.

In this appeal, appellant raises the following issue:

> Did [the] trial court judge correctly deny [a]ppellant's Petition for Review of private criminal complaint to prosecute Vincent Ortega for harassment?

Appellant's brief at 6.

In his brief, appellant argues that the trial court abused its discretion for failing to review his petition ***de novo***; specifically, that:

> [s]ince the District Attorney has stated in its response to [a]ppellant's petition for review that they denied [a]ppellant's complaints since they "failed to establish a prima facie case of criminal conduct" which must be based upon a legal

evaluation of the evidence the trial court judge must undertake a *de novo* review.

Appellant's brief at 18-19. Appellant failed to raise this issue in his 1925(b) statement and, therefore, waives it on appeal. Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the statement are waived).

Nevertheless, we note that appellant cites to *In re Rafferty*, 969 A.2d 578 (Pa.Super. 2009), to support his contention that he was entitled to a *de novo* review. (Appellant's brief at 19.) Appellant, however, misconstrues *Rafferty* and also ignores that part of the opinion that reaffirms a trial court's standard of review of a district attorney's decision to disapprove a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, as an abuse of discretion. *Id.* at 581. Here, as noted by the trial court and as supported by the record:

> [T]he Commonwealth articulated a hybrid of legal and policy rationale in support of its denial. The Assistant District Attorney cited the unlikelihood of successfully prosecuting Mr. Ortega where the alleged conduct related to a civil matter. The District Attorney's Office further based its decision upon the existence of charges against [appellant] for harassment for repeated contact with Mr. Ortega. The Commonwealth concluded, as a matter of policy, that pursuit of the dubious claim would be contrary to the Commonwealth's interest in appropriate use of its limited resources.

Trial court opinion, 3/3/16 at 5.

Therefore, even if appellant had not waived his issue on appeal for failure to include it in his Rule 1925(b) statement, it would nevertheless lack

merit because the district attorney cited policy reasons for disapproving appellant's private criminal complaints and the trial court, therefore, properly reviewed that decision for an abuse of discretion. *See*, *e.g.*, *Rafferty*, 969 A.2d at 581 (reaffirming that a trial court's standard of review when reviewing a district attorney's decision to disapprove a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, is an abuse of discretion); *see also In re Wilson*, 879 A.2d 199, 215 (Pa.Super. 2005) (*en banc*) (indicating that the district attorney's disapproval of a private complaint based on its determination that a conviction is unlikely constitutes a policy reason for that disapproval); *see also Commonwealth v. Cooper*, 710 A.2d 86, 81 (Pa.Super. 1998) (holding that a district attorney's assertion that a complainant has an available civil remedy constitutes a policy reason for the disapproval of a private criminal complaint).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016