J-S63017-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT OF ALTON D. BROWN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ALTON D. BROWN | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 179 WDA 2018 |

Appeal from the Order December 7, 2017
In the Court of Common Pleas of Greene County Criminal Division at
No(s): 25 MISC of 2017

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.: FILED OCTOBER 15, 2018

Alton D. Brown (Appellant) appeals pro se from the trial court's order denying his petition for review of the denial of his two private criminal complaints. We affirm.

In 1997, a jury convicted Appellant of robbery, aggravated assault and related charges. On October 30, 1997, the trial court sentenced Appellant to serve 35 to 70 years in prison. While incarcerated, Appellant:

> has filed a plethora of appeals to the Superior Court, Petitions seeking Allowance of Appeal by the Pennsylvania Supreme Court; Applications to the Pennsylvania Supreme Court seeking Special Relief; approximately four (4) PCRA Petitions; Amended PCRA Petitions; appeals of the denials of the PCRA Petitions; Petitions for Supplemental Relief; Petitions for Modifications of the Sentence; Motions for Reconsideration of various Court Orders; Motions for Recusal; Petitions seeking the Production of Audiotapes of Hearings; Petitions Seeking to Listen to Tape Recorded Proceedings; Petitions for Court Orders Requiring the Sheriff to Produce Him for a Hearing; etc.

_____

* Former Justice specially assigned to the Superior Court.

Commonwealth v. Brown, No. 132 EDA 2011, (Pa. Super. Ct. Feb. 19, 2013) (unpublished).[1]  This Court has decided at least two prior appeals similar to the one now before us, where Appellant appealed from the denial of petitions for review of the denial of private criminal complaints.  See Commonwealth v. Brown, No. 741 MDA 2017, (Pa. Super. Ct. Jan. 24, 2018) (unpublished) (noting that "due to the sheer number of filings by Appellant in the courts of this Commonwealth, it is a daunting and time-consuming task to track the frivolous, duplicative, and voluminous litigation he creates"); see also Commonwealth v. Brown, No. 1997 MDA 2014, (Pa. Super. Ct. Aug. 21, 2015) (unpublished).

In this case, Appellant filed two private criminal complaints with the Greene County District Attorney's Office on May 18, 2015 and May 27, 2015. The District Attorney's Office rejected the complaints on June 5, 2015 and June 8, 2015.  Appellant filed a petition for review of the denials.  The court conducted a hearing on October 2, 2017.  On December 7, 2017, the court issued an order denying relief.  Appellant appealed.  He presents a single issue:

> Whether the trial court abused its discretion/erred in its decision that [the] District Attorney's disapproval of the private criminal complaint was consistent with the laws?

Appellant's Brief at 1.

_____

[1] At this writing, a Westlaw search reveals that this Court and the Commonwealth Court together have decided more than 59 appeals brought by Appellant.

Appellant sought to file criminal charges against various prison officials regarding food quality, cell conditions, medical care and Appellant's personal belongings. The trial court summarized:

> [T]he "June 5, 2015" denial sought criminal charges against John Wetzel and various John Doe Defendants alleging conduct as it relates to food, housing conditions, medical care, and the handling of personal and legal property. The "June 8, 2015" denial sought criminal charges against [a] Correctional Officer[], as Brown alleged the mishandling by [the officer] of [Appellant's] personal property.

Order, 12/7/17, at 3.

Appellant generally asserts that the trial court abused its discretion in denying his petition for review. See Appellant's Brief at 2-4. He does not articulate a basis for the abuse of discretion, other than a vague reference to "the verified facts of his pro se private complaints, which were constructed while Appellant and his property were under daily attack – which persists to this very day – clearly are reflective of crimes that involve 'clear and present danger'; which were supported by the prosecution and trial court." Id. at 4.

The Commonwealth responds that the District Attorney rejected Appellant's complaints "due to a low chance of successful prosecution," and the trial court "appropriately limited its review to whether the District Attorney's Office abused its discretion." Commonwealth Brief at 3.

In reviewing the actions of the Greene County District Attorney, the trial court explained:

> When the District Attorney disapproves a Private Criminal Complaint indicating that it "lacks prosecutorial merit," this is deemed a "policy determination" and subject to the abuse of

discretion standard.  In Re: Private Criminal Complaint of John O'Brien Rafferty, 969 A.2d 578, 582 (Pa. Super. 2009), citing In re Wilson, 879 A.2d 199 (Pa. Super. 2005) (en banc).

"The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed." In re Wilson, supra at 215.

The Commonwealth indicated that there would be little chance of the successful criminal prosecution for conduct of State Correctional Facility employees who are alleged to have been involved in the destruction of [Appellant's] property. . . .

The Court, in applying an abuse of discretion standard and after review of the two (2) private criminal complaints which the Court has designated as letters of denial dated June 5, 2015 and June 8, 2015, the Court now determines that the Commonwealth was within its sound discretion in disapproving the above referenced Private Criminal Complaints.

Id. at 2-4.

Upon review, we discern no error in the trial court's conclusion that Appellant failed to meet his "heavy" burden of demonstrating an abuse of discretion by the Greene County District Attorney.  In re Wilson.  We therefore affirm the trial court's order denying Appellant's petition for review of the denial of his two private criminal complaints.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/2018</u>