**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DAVID C. NOWAKOWSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: DAVID NOWAKOWSKI | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1426 WDA 2018 |

Appeal from the Order Entered September 18, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
MD 373-2018

BEFORE: PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 16, 2019**

David Nowakowski appeals *pro se* from the order denying his petition for review of the Commonwealth's disapproval his private criminal complaint. We affirm.

On June 26, 2018, Nowakowski filed a Petition for Appeal of Disapproval under Pennsylvania Rule of Criminal Procedure 506(B)(2).[1] Nowakowski claimed that he had filed a private criminal complaint (hereinafter, "the Complaint") with the Erie County District Attorney's Office, which the Commonwealth had disapproved on the basis that it lacked in prosecutorial merit. Nowakowski alleged that the Commonwealth failed to have an attorney review the Complaint; the Commonwealth had not explained in what way the

---

[1] The rule provides that if an attorney for the Commonwealth disapproves a private criminal complaint, the affiant may petition the court of common pleas for review of the decision. *See* Pa.R.Crim.P. 506(B)(2).

Complaint was deficient; and Nowakowski had discovered additional facts not included in the Complaint. Nowakowski did not attach a copy of the disapproved Complaint to his petition seeking review.

The trial court responded by sending a letter to Nowakowski, which it filed upon the docket. The letter informed Nowakowski that the court reviewed "the entire file at the Clerk of Courts Office" and found that "there is no information filed by you supporting [this] request." Letter, 7/18/18. The court allowed Nowakowski until August 21, 2018, to file a supplemental petition identifying the people Nowakowski wished to be charged, stating their alleged crimes, and explaining the factual allegations supporting those crimes.

Nowakowski filed an additional document with the court titled "Re: Additional Facts for Affiant/Appellant." Namely, Nowakowski claimed that members of the Carrara family had engaged in a plan to harass and threaten him in retaliation for contacting the Pennsylvania Human Relations Commission regarding workplace harassment during his employment with Amthor Steel Company. Among other things, Nowakowski alleged,

> [D]uring the summer of 2018, a bullet was left on the [sidewalk] in front of [Nowakowski] as he walked his dogs. [Nowakowski] turned around to see that a teen[age] girl was standing on the roof of a nearby garage watching [Nowakowski] pick up the bullet. On the following day[,] a small metal trinket in the same shape as a glass design, which hangs in the sunroom of [Nowakowski's] mother's home was found at the same location.

Re: Additional Facts for Affiant/Appellant at 9-10 (unpaginated).

Nowakowski listed the charges as intimidation, intimidation of a witness, criminal contempt, involuntary servitude, inchoate crimes, criminal mischief,

- 2 -

and attempted murder. Nowakowski listed the defendants as eleven business organizations, the Erie County Prothonotary, and the Superior Court Prothonotary. Nowakowski referred to the then-pending civil action he brought against many of the same defendants, and attached copies of multiple filings from the civil case.[2]

The trial court denied the petition by an order entered September 18, 2018. The court found that the Commonwealth had not abused its discretion in disapproving the Complaint, and stated that it would not interfere with the "wide discretionary latitude a prosecutor has in evaluating private criminal complaints." Order, 9/18/18.

Nowakowsi appealed, and raises the following issues:

A. Did the District Attorney and later the trial court [err] by considering [Nowakowski's] [C]omplaint "lacking prosecutorial merit["]?

B. If the review of a private criminal complaint cannot be traced to an [a]ttorney for the Commonwealth, via the [a]ttorney's signature, is the disapproval reached in error, via an abuse of discretion or fraud?

C. If the review of a private criminal complaint cannot be traced to an Attorney for the Commonwealth, via the [a]ttorney's signature, can the affiant reasonably receive a fair and impartial determination in the Erie County Court of Common Pleas?

D. Is there an implied court order or court approved consent agreement, preventing or tabulating for prosecution, all inchoate or direct criminal acts once a civil or criminal action is filed? Similar

_____

[2] The civil case was dismissed with prejudice, and we affirmed. **See Nowakowski v. E.E. Austin & Son, Inc.**, No. 1854 WDA 2017 (Pa.Super. filed Nov. 20, 2018) (unpublished memorandum).

> to Title 23, Section 6113.1 (Creating a back drop for exactly how the abuse of discretion was achieved)[?]

Nowakowski's Br. at 7 (suggested answers omitted).

Nowakowski waived these issues. Taking his last issue first, Nowakowski did not raise any argument related to 23 Pa.C.S.A. § 6113.1 or the prosecution of criminal actions during the pendency of related civil actions before the trial court. This issue is thus waived. **See** Pa.R.A.P. 302(a) (arguments cannot be raised for the first time on appeal).

In addition, because there is no copy of the disapproved Complaint in the certified record, Nowakowski waived his claims that the Commonwealth improperly disapproved the Complaint without having it reviewed by an attorney and that that the trial court erred in deferring to the Commonwealth's conclusion that the Complaint lacked prosecutorial merit. The appellant bears the burden of ensuring that the certified record is complete, and we are unable to consider evidence that is not found in the certified record. **See Commonwealth v. Preston**, 904 A.2d 1, 6-8 (Pa.Super. 2006) (*en banc*). Without a certified copy of the disapproved Complaint, we cannot resolve these issues.

In any event, they are meritless. Nowakowski does not argue that the person who signed the disapproved Complaint is not an attorney or that the signature was forged. He instead contends that because the **cover letter** accompanying the disapproved Complaint was signed by a non-attorney, the

Commonwealth did not have an attorney review the Complaint. This is a *non sequitur*.

Nor has Nowakowski proven that the trial court abused its discretion. A trial court reviews the district attorney's determination that a case lacks prosecutorial merit under an abuse of discretion standard, and we review the trial court's decision under the same standard. ***In re Rafferty***, 969 A.2d 578, 582 (Pa.Super. 2009). The private criminal complainant bears the burden of proving that the district attorney's decision was "patently discriminatory, arbitrary, or pretextual, and therefore not in the public interest," or that the decision "amounted to bad faith, fraud, or unconstitutionality." ***In re Wilson***, 879 A.2d 199, 215 (Pa.Super. 2005) (*en banc*).

Nowakowski has failed to carry his burden. Nowakowski alleges only that the Commonwealth failed to investigate the allegations in his Complaint. However, the allegations do not lead to the conclusion that the Commonwealth's decision not to prosecute amounted to "bad faith, fraud or unconstitutionality," or was "patently discriminatory, arbitrary or pretextual." ***Id.*** We therefore affirm the order of the trial court denying his petition for review.

Order affirmed.

Judgment Entered.

- 5 -

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/16/2019