J-A11045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DAVID C. NOWAKOWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: DAVID C. NOWAKOWSKI | : | No. 1347 WDA 2020 |

Appeal from the Order Entered November 13, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0000527-2020

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                  **FILED:  JULY 12, 2021**

David C. Nowakowski (Appellant) appeals *pro se* from the order entered in the Erie County Court of Common Pleas, denying his petition for review of the Commonwealth's disapproval of his private criminal complaint.  This complaint named 35 defendants and generally averred that since 2011, an organized crime family conspired with local businesses, institutions, and individuals to attack Appellant and his family.  We affirm.

Around October 14, 2020, Appellant filed a *pro se*, 37-page private criminal complaint with the Erie County District Attorney's Office (the Commonwealth).[1]  Among the 35 named defendants were: six individuals with the last name Carrera, who Appellant vaguely associates with Amthor Steel

_____

[1] In his petition to the trial court and appellate brief with this Court, Appellant mentions, without explanation, that he has previously filed civil complaints, private criminal complaints, and claims with the Pennsylvania Human Relations Commission.  **See** Appellant's Petition, 11/9/20, at 3 (unpaginated); Appellant's Brief at 7-13.

Co., his alleged previous employer; numerous other individuals; General Electric; UPMC; Giant Eagle; Erie Daily Times Inc; Erie County Prothonotary; and the minor league baseball team the Erie Sea Wolves.

The complaint set forth at least 18 criminal offenses, each accompanied by a copious list of alleged incidents. Appellant's summaries of these incidents, however, were not entirely clear, as they lacked specificity and the necessary explanation or context for the numerous facts cited. For example, in claiming "solicitation by a prostitute," the complaint averred the Carrera family ran a prostitution ring "out of the Erie County Blood Bank," where "[s]exually overt behavior" by "[an employee of] CH2M Hill, Inc.[, that] was actually an attempt to exchange sex for money." Appellant's Private Criminal Complaint, 10/14/20, at 3-4. Under a claim of harassment, Appellant alleged, *inter alia*, that the Carrera family contacted Erie Daily Times "newspaper to change [a] headline to match [Appellant's] mail." *Id.* at 10. Under a claim of kidnapping, Appellant also asserted the Carrera family abducted his "mentally ill brother" and "dropped [him] somewhere on West Lake Rd.," as evidenced by his brother's "appear[ing] in an exhausted state at the building entrance to his apartment." *Id.* at 20-21. Finally, by way of further example, Appellant claimed attempted murder, citing: (1) his 2019 discovery "at the southeast corner of the property [sic]," of a fentanyl "package for a transdermal patch" with a taffy candy wrapper, and Appellant's prior student "nicknamed him 'taffy' in 2014;" and (2) the 2019 removal of lug nuts from

Appellant's pickup truck, which caused his wheel to dislodge while driving. *Id.* at 23.

On November 2, 2020, the Commonwealth notified Appellant by letter that it disapproved his private complaint on the ground it lacked prosecutorial merit. On November 9th, Appellant filed the underlying *pro se* petition for review with the trial court. He reiterated his claims that the Carrera organized crime family ran an extensive conspiracy and made attempts on his life, and requested an evidentiary hearing.

On November 13, 2020, the trial court denied Appellant's petition for review without a hearing, finding no abuse of discretion in the Commonwealth's decision to disapprove the private criminal complaint. Order, 11/13/20. Appellant timely appealed[2] and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

---

[2] As the trial court's order was entered on November 13, 2020, Appellant had until Monday, December 14th, to file a notice of appeal. *See* 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Sunday, such day shall be omitted from computation); Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Appellant's notice of appeal, however, was not docketed until one day later, December 15th.

On January 12, 2021, this Court issued a *per curiam* rule on Appellant to show cause why this appeal should not be quashed as untimely. Appellant responded that he mailed his notice of appeal on December 9, 2020, *via* the United States Postal Service, providing a copy of the mailing receipt. This Court discharged the rule to show cause. This panel is satisfied Appellant's appeal is timely.

Appellant presents the following issue for our review:

Should the Superior Court overturn the Decision by the Erie County Court of Common Pleas, that the instant action "lacks prosecutorial merit" as an example of bad faith, fraud, or unconstitutionality on the part if the Office of the Erie County District Attorney culminating in an abuse of discretion of both the Court and the Office of the District Attorney.

Appellant's Brief at 7.

Appellant maintains "[t]his case deals with multiple companies used by their employees to attack [him] in two states, over the course of nearly Ten years through inchoate crimes," as well as "a century of crimes in the Erie area that [the Commonwealth] could not have unearthed on its own." Appellant's Brief at 23. Appellant also avers that "[l]ong before the instant action," the Commonwealth "should have requested prosecution of the [instant] conspiracy . . . by the . . . Attorney General . . . due to a 'lack of resources to conduct an adequate investigation or prosecution[.]" *Id.* at 17. Appellant then claims "the Erie County Prothonotary is a corrupted body which participates in inchoate crime through the use of case numbers that corroborate crimes against individuals in the so labeled cases [sic]," and the Commonwealth and trial judge have a conflict of interest "due to their proximity to the prothonotary." *Id.* No relief is due.

"It is well-settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review . . . ." *In re Private Crim. Complaints of Rafferty*, 969 A.2d 578, 581 (Pa. Super. 2009) (*Rafferty*). *See also* Pa.R.Crim.P. 506(A)

(private criminal complaint "shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay"), (B)(2) (if Commonwealth disapproves the complaint, it shall provide its reasons, and affiant may petition the court of common pleas for review of the decision).

A district attorney's conclusion that a case lacks prosecutorial merit is a "policy determination" subject to the trial court's review for an abuse of discretion. *Rafferty*, 969 A.2d at 582.

> This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions . . . . Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with the settled principles of appellate review of discretionary matters . . . . The district attorney's decision not to prosecute a criminal complaint for reasons including policy matters carries a presumption of good faith and soundness . . . . The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without a legitimate basis in the record, substituted its judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.
>
> \* \* \*
>
> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district

- 5 -

attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*Id.* at 581-82 (citation omitted).

Here, the trial court concluded the Commonwealth acted within "the wide discretionary latitude a prosecutor has in evaluating private criminal complaints." Order, 11/13/20. We, in turn, find no abuse of discretion in the trial court's decision. *See Rafferty*, 969 A.2d at 581. As stated above, Appellant's criminal complaint averred no less than 18 serious offenses, including attempted murder, sexual assault, and pedophilia. Each of these were based on vague, undocumented allegations, conjecture, and farfetched or non-existent links in reasoning. *See, e.g.* Appellant's Private Criminal Complaint at 9 (mis-mailing of Appellant's mother's store coupon book to Appellant's house "means Giant Eagle is sharing [Appellant's] purchases with the [C]arrara mafia family"); 20-21 (Appellant could see his brother "had chafing on his legs from the fabric of his jeans, meaning that he had walked for a number of miles . . . which means he [was] abducted and dropped somewhere on West Lake Rd. [b]y the [C]arrara mafia family"). Furthermore, Appellant's petition in the trial court failed to demonstrate an abuse of discretion on the part of the Commonwealth.

For the foregoing reasons, we affirm the order of the trial court denying Appellant's petition for review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/12/2021