J-A16017-21

## 2021 PA Super 182

| ANDREW KUNDRATIC | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUZERNE COUNTY DISTRICT | : | No. 14 MDA 2021 |
| ATTORNEY'S OFFICE | : | |

Appeal from the Order Entered November 30, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0000816-2020

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

OPINION BY McCAFFERY, J.: **FILED SEPTEMBER 07, 2021**

Andrew Kundratic (Appellant) appeals *pro se* from the order entered in the Luzerne County Court of Common Pleas, denying his petition for review of the Luzerne County District Attorney's Office's (the Commonwealth's) disapproval of his private criminal complaint. This complaint relates to Appellant's divorce litigation, which commenced in 2006 and concluded in 2011. The trial court found Appellant was improperly attempting to relitigate the divorce issues. We affirm.

Appellant sent a letter, dated May 1, 2020, and private criminal complaint to the Commonwealth, petitioning it to "refer [Appellant's] complaint to the proper authorities, being the PA Attorney Office and the FBI."

_____

* Former Justice specially assigned to the Superior Court.

Appellant's Private Criminal Complaint, 5/2/20, at 2. The named defendants were Appellant's ex-wife, Sophia Thomas (Thomas), and her husband, Gary Thomas, a retired Pennsylvania State Police Officer. We note Appellant and Thomas were married in 1992, and Appellant filed a divorce complaint in Luzerne County in 2006. *Kundratic v. Kundratic*, 501 MDA 2015 (unpub. memo. at 1) (Pa. Super. Dec. 15, 2015). The trial court entered a divorce decree and equitable distribution order in 2011. *Id.* at 2. Appellant filed two appeals to this Court in the divorce matter, as well as multiple petitions to vacate the divorce decree on grounds that Thomas, counsel, and the master engaged in fraud and that Appellant's counsel was ineffective. *See id.* at 2-3; *Kundratic v. Kundratic*, 1888 MDA 2013 (unpub. memo.) (Pa. Super. July 9, 2014), *appeal denied*, 555 MAL 2014 (Pa. Nov. 25, 2014).

Appellant's private criminal complaint averred his ex-wife and her husband committed criminal acts, including obstructing justice, theft by deception, and spoliation of court evidence, resulting in the embezzlement of Appellant's assets. These alleged criminal acts related to the divorce proceedings between Appellant and Thomas. In addition, Appellant maintained that the Hon. Tina Gartley, a currently sitting Luzerne County Court of Common Pleas Judge and previous attorney for Thomas during the divorce, took part in the alleged criminal conspiracy. Appellant contended the Commonwealth had a conflict of interest due to Judge Gartley currently sitting in Luzerne County and Gary Thomas being a retired Pennsylvania State Police

Officer. Thus, Appellant demanded that the Commonwealth refer his complaint to the Pennsylvania Attorney General Office and the Federal Bureau of Investigation.

On August 10, 2020, the Commonwealth disapproved Appellant's private criminal complaint, explaining, "This is a civil matter regarding a property settlement. Inappropriate for criminal prosecution." Commonwealth's Letter, 8/10/20. On September 1st, Appellant filed the underlying *pro se* petition for review with the trial court. On September 15th, the trial court filed an order recusing all Luzerne County judges, and the Hon. Linda Wallach Miller, senior judge in Monroe County, was appointed to preside over this matter. Nevertheless, on October 13th, Appellant filed a motion for a change of venue, alleging he would be unable to receive a fair hearing in Luzerne County.

On November 30, 2020 the trial court denied Appellant's petition for review without a hearing, finding no abuse of discretion in the Commonwealth's decision to disapprove the private criminal complaint. Generally, the court found Appellant's claims were an improper "back-door" attempt to relitigate issues in his divorce proceedings, all of which "have been fully litigated to finality *ad nauseum*." Trial Ct. Op., 11/30/20, at 5. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents the following issues for our review:

I. Whether the Luzerne County District Attorney's Office abused its authority and obstructed a criminal investigation in their action and decision process of the criminal complaint?

II. Whether the theft and fraudulent submittal of the Conrad's real estate appraisal of . . . Appellant's by the opposing party during the initial divorce hearings, which the courts took as the values of the marital real estate, was real estate fraud, theft by deception, obstructing justice, criminal attorney misconduct, and other crimes which is not only criminal but would violate the first and initial Nov[ember] 10, 2009 divorce court order and all following civil court orders since all would be considered void?

III. Whether the opposing party committed mortgage fraud, crime of deception and other crimes when they submitted fraudulent pre-approved bank mortgage documents to the courts which the courts accepted as being valid and the courts then creating a Nov[ember] 10, 2009 divorce order giving Sophia Thomas ninety (90) days to refinance said mortgage which she never refinanced to this day because she was never qualified for a mortgage loan?

IV. Whether . . . Appellant's own legal counsels were involved in the many criminal acts of collusion, case fixing and corruption with one specifically being a September 2006 real estate appraisal of the opposing party that was faxed to . . . Appellant's counsel and then was purposely withheld from . . . Appellant, along with many others deceitful, malicious willful, wantonly, with intent, advice given to Appellant during their time of representation including withholding witnesses?

V. Whether Sophia Thomas illegally, criminally and with malice cashed out . . . Appellant's court awarded (Nov[ember] 10, 2009 ORDER) 401k and retirement accounts of hers in the first quarter of 2013 which were both state and federal crimes?

VI. Whether the last court ORDER dealing with the marital real estate, from April 14, 2016, stated for Sophia Thomas to refinance the property and for her attorney to put said proceeds along with the 'signed' deeds into an escrow account until further order of the court which the opposing party instead ignored the court order and criminally transferred the properties solely into Sophia Thomas's new marriage name on June 10, 2016?

VII. Whether assigned senior judge Harold Woelfel abused his judicial power, obstructed justice, and was a participant of the conspiracy, corruption, collusion, case fixing and other crimes?

VIII. Whether the courts abused their authority by ignoring and not addressing the fraud and criminal acts in the divorce action by using every mean available to wantonly, willfully, maliciously and by artifice conduct to protect themselves from prosecution, lawsuits and to protect the integrity of the court from the public finding how our judicial system can go awry without any accountability or oversight for their criminal actions?

Appellant's Brief 5-7.

We summarize together Appellant's eight issues. Preliminarily, he denies the divorce litigation has concluded, alleging there remain outstanding motions, and that Thomas has not complied with the "last" court order, which directed her "to put the proceeds from refinancing and the 'signed' deeds into an escrow account." Appellant's Brief at 11.

In his first issue, Appellant avers that in disapproving his private criminal complaint, the Commonwealth abused its authority, obstructed a criminal investigation, and acted in its own interest. Appellant claims the Commonwealth improperly "us[ed] a civil judgment" — the divorce decree — "as a tool to [avoid] any criminal prosecution." Appellant's Brief at 14. Appellant also maintains Judge Gartley (Thomas' prior divorce attorney) and Gary Thomas (Thomas' husband) had a "major conflict" of interest with the Commonwealth "because both have worked the majority of their careers directly and indirectly with the [Commonwealth] as a prosecutor and a PA State Police homicide detective." *Id.* Thus, Appellant avers, the Luzerne

County courts should recuse from "any criminal case involving these two persons." *Id.* at 15-16.

In his second issue, Appellant asserts that Thomas, Gary Thomas, and Judge Gartley stole Appellant's legal documents in 2007 and withheld them until the conclusion of the divorce proceedings. Appellant's Brief at 17. Appellant alleges Thomas then submitted one of these stolen documents, a real estate appraisal, as a divorce exhibit "and then used deception as if [Appellant's] attorney had submitted the . . . appraisal [sic]." *Id.* Appellant avers his own attorney also took part in the "collusion and case fixing." *Id.* In turn, "Appellant and the same counsel appealed for years the value of [the] appraisal being low-balled and not the true and correct values of the properties[.]" *Id.* at 18.

In his third issue, Appellant maintains that Thomas and Gary Thomas committed mortgage fraud. In support, he avers that a November 10, 2009, order directed Thomas to refinance a mortgage within 90 days, but she has "never refinanced to this day because she was never qualified for a mortgage loan." Appellant's Brief at 19. In addition, Appellant asserts that in 2010, he "told his counsel to do what is necessary since the ninety days for . . . Thomas to refinance the marital mortgage had expired [sic]." *Id.* However, Appellant claims his counsel then lied by informing him "we can do nothing because I was appealing the divorce action/order." *Id.* Appellant avers, "As this divorce action is getting drawn out because of the case fixing and fraud," Thomas

collected "thousands of dollars of spousal support monthly by fraud and deception." *Id.*

In his fourth issue, Appellant claims his attorney was involved in "collusion, case fixing, and corruption" during the divorce proceedings. Appellant's Brief at 20. According to Appellant, his attorney instructed him to use a certain company to appraise a property. *Id.* at 21. This company provided an appraisal more than "$100,000.00 (around 30%) lower than [A]ppellant's first appraisal." *Id.* In addition, Appellant's "attorney purposely withheld" Thomas' appraisals from him. *Id.* at 20-21.

In his fifth issue, Appellant argues "401k documents from . . . 2017 subpoenas show . . .Thomas illegally, criminally and with malice cashed out . . . Appellant's court awarded 401k and retirement accounts of hers in the first quarter of 2013." Appellant's Brief at 22. In addition, Appellant states his attorney should have "done his legal due diligence" and transferred the account ownership to Appellant, thus thwarting any opportunity for Thomas to embezzle these funds. *Id.* at 23. Appellant concludes, "This clearly shows [A]ppellant's own counsel was involved in the criminal activity and scheme." *Id.*

In his sixth claim, Appellant reiterates a claim that Thomas ignored a 2016 court order, which directed her "to refinance the property and for her attorney to put said proceeds along with the signed deeds into an escrow account." Appellant's Brief at 23 (quotation marks omitted). In addition,

Appellant argues this same court order "states for the creation of divorce briefs by both parties for future litigation which was filed by both parties and [have] never been addressed by the courts." *Id.* at 24. Appellant asserts the court "did not have the authority or the power to change the terms on the property settlement from the [2009 court order] and in doing so knowingly the judge became a participant of the felonious acts of stealing the real estate illegally from Appellant." *Id.*

Appellant's seventh claim is that Senior Judge Harold Woelfel, who "was brought onto the divorce action in 2015," "obstructed justice[ ] and was a participant of conspiracy, corruption, collusion, case fixing and other crimes." Appellant's Brief at 25. In support, Appellant alleges that Judge Woelfel: (1) illegally transferred deeds; (2) deceived Appellant that a future hearing would be conducted after ordering divorce briefs and the signing of deeds; (3) had Appellant sign "deeds under the duress of incarceration;" and (4) failed to act when he claimed there was a spoliation of evidence and missing court records. *Id.* at 25-26.

Finally, Appellant avers the courts "abused their authority by ignoring and not addressing the fraud and criminal acts in the divorce action." Appellant's Brief at 28. In support, Appellant states the following:

> All the facts and evidence including their own depositions [sic] clearly shows the fraud, case fixing and criminal acts that have [taken] place since 2006 to the present date in . . . Appellant's divorce action. Each of these acts have at one time or another been brought to the attention of the courts and [the Commonwealth] and every instance the courts refuse to take the

proper action in addressing but instead uses deceptive and fraudulent measures to thwart justice or criminal investigation that is sorely needed.

There have been many crimes involved in this conspiracy which some but not all are theft, receiving stolen property, deceptive or fraudulent business practices, moving assets out of state, securing execution of documents by deception, securing court ORDERS from deception, theft by unlawful taking or disposition, withhold evidence, spoliation of evidence, withholding witnesses, conspiracy against rights, extortion by deception, obstructing justice, misprision of felony, official oppression, aiding consummation of a crime, tampering with evidence and many more. All of this with supporting documents can be found in the criminal complaint along with every single recent motion[ ] brought before [J]udge Wallach Miller which she has dismissed all under deceptive means and this court has agreed with.

*Id.* at 28-29. Appellant has filed a reply brief that reiterates many of these same claims. No relief is due.

"It is well-settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review . . . ." *In re Private Crim. Complaints of Rafferty*, 969 A.2d 578, 581 (Pa. Super. 2009) (*Rafferty*). *See also* Pa.R.Crim.P. 506(A) (private criminal complaint "shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay"), (B)(2) (if Commonwealth disapproves the complaint, it shall provide reasons, and affiant may petition the court of common pleas for review of the decision).

A district attorney's conclusion that a case lacks prosecutorial merit is a "policy determination" subject to the trial court's review for an abuse of discretion. ***Rafferty***, 969 A.2d at 582.

> This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions . . . . Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with the settled principles of appellate review of discretionary matters . . . . The district attorney's decision not to prosecute a criminal complaint for reasons including policy matters carries a presumption of good faith and soundness . . . . The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without a legitimate basis in the record, substituted its judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.
>
> *      *      *
>
> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

***Id.*** at 581–82 (citation omitted).

- 10 -

In addressing Appellant's private criminal complaint, the trial court stated:

> Here, [Appellant] filed a private criminal complaint as a back-door attack to relitigate his divorce. His divorce and all issues raised in his private criminal complaint have been fully litigated to finality *ad nauseam*. *See* [***Kundratic***, No. 04975-2006 (Pa. Ct. Com. Pl. Luz. Co. *aff'd*, 1888 MDA 2013; ***Kundratic***, No. 04975-2006, *aff'd*, 501 MDA 2015.]
>
> This Court's November 1, 2019 Order in [the divorce matter] barred [Appellant] from filing any further petitions relitigating the same issues raised in the divorce and support proceedings. [Appellant] may believe that filing a private criminal complaint would not violate this Court's order relitigating the same issues; however creative, it is a civil matter and the [Commonwealth's] denial of the private criminal complaint was proper. For this court to allow [Appellant] to return and relitigate the same issues in criminal court is inappropriate.

Trial Ct. Op.at 5-6 (paragraph break added).

The trial court found the Commonwealth's "rationale for disapproving the private criminal complaint to be based on policy grounds." Trial Ct. Op. at 6. It further found no evidence of bad faith, fraud, or unconstitutionality. *Id.* Additionally, the court noted Appellant's complaint contained "bald assertions," and failed to provide "any basis to alter the [Commonwealth's] disapproval." *Id.* Thus, the court held that the Commonwealth did not abuse its discretion and refused to interfere with the decision to disapprove the complaint. *Id.*

We, in turn, find no abuse of discretion in the trial court's decision. *See* ***Rafferty***, 969 A.2d at 581. As stated above, Appellant's private criminal complaint presented broad criminal accusations, which lacked clarity. The

- 11 -

accusations were based on Appellant's disagreement with rulings in the divorce litigation, which concluded 10 years ago. ***See e.g.*** Appellant's Private Criminal Complaint at 1 (stating the Commonwealth office has a major conflict of interest, due to Gary Thomas and Judge Gartley being "directly and indirectly involved in this court case and having associations with the [Commonwealth's] Office"), 2 (demanding the Commonwealth refer the complaint to the FBI "because some of the crimes involved interstate commerce crimes, misprision [sic] of felony and obstructing justice in covering up the EMBEZZLEMENT of stolen embezzled assets" and stating, "There are other[ ] state actors and crimes involved which I will advise when I'm properly interviewed and criminal charges are filed."). Furthermore, Appellant's petition in the trial court failed to demonstrate an abuse of discretion on the part of the Commonwealth.

For the foregoing reasons, we affirm the order of the trial court denying Appellant's petition for review.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/07/2021