IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis G. Landmesser,     :
     Appellant   :
            :
   v.        :
            :
Office of Luzerne County   : No. 310 C.D. 2019
District Attorney     : Submitted: June 7, 2019

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM        FILED: August 14, 2019

    Francis G. Landmesser (Appellant) appeals, *pro se*, from the November 15, 2018 order of the Court of Common Pleas of Luzerne County (trial court) that denied Appellant's Petition for Review of the Decision of the Attorney for the Commonwealth (Petition for Review), which sought review of the Luzerne County District Attorney's Office's (District Attorney) denial of Appellant's private criminal complaints charging his neighbors and various local authorities with criminal conduct. Upon review, we affirm.

    On May 29, 2018, Appellant filed nine private criminal complaints seeking redress from perceived wrongs visited upon him by his neighbors and various local government officials in relation to a zoning dispute involving his property. *See* Luzerne County Private Criminal Complaints 129-18 through 137-18. The District Attorney denied all the private criminal complaints, citing an office policy of not becoming involved in zoning disputes as the reason for the denials. *See* Letter from District Attorney to Appellant dated August 27, 2018.

On September 19, 2018, Appellant filed his Petition for Review[1] with the trial court. The trial court conducted a hearing on the Petition for Review on November 7, 2018. On November 15, 2018, the trial court issued an Order and Memorandum denying the Petition for Review (Trial Court Decision). On December 3, 2018, Appellant timely filed his Notice of Appeal.[2]

On appeal, Appellant alleges the trial court abused its discretion by denying his Petition for Review of the District Attorney's denial of his private criminal complaints. *See generally* Appellant's Brief.[3] We disagree.

---

[1] Appellant submitted only one of the nine denied private criminal complaints for review with his Petition for Review.

[2] Appellant originally filed this appeal in the Superior Court of Pennsylvania, which transferred the matter to this Court. *See* Superior Court Order dated January 22, 2019; *see also* 42 Pa.C.S. § 762(a)(4)(i) (granting the Commonwealth Court exclusive jurisdiction of appeals from final orders of courts of common pleas from civil and criminal matters involving local government matters and employees).

[3] Appellant styled his questions presented on appeal as follows:

> Question 1. Was the District Attorney['s] Office['s] decision to disapprove of the complaints arbitrary and capricious?
>
> Question 2. Did the District Attorney['s] Office personnel comply with agency's [sic] mission statement?
>
> Question 3. Was the Appellant afforded his rights established by our [c]ountry's and Commonwealth's forefathers and [the] Nanticoke City Charter?
>
> Question 4. Did the [trial court] consider animus/bias displayed against Appellant and [his] wife?
>
> Question 5. Did the [trial court] consider crimes committed by all perpetrators?

Appellant's Brief at 3.

Regarding private criminal complaints, Pennsylvania's Rules of Criminal Procedure state, in relevant part:

> (A) When the affiant [of a criminal complaint] is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> > (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
> >
> > (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A) & (B). Thus, the prosecution of a private criminal complaint is initially subject to approval by the district attorney of the county in which the complaint is sought to be brought. *In re Wilson*, 879 A.2d 199, 211-12 (Pa. Super. 2005). Further, as the Superior Court has explained:

> The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*Id.* at 212.

In reviewing a district attorney's decision on a private criminal complaint, the Superior Court has explained the following:

> It is well-settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review, and the trial court must first correctly identify the nature of the reasons given by the district attorney for denying the complaint. "Where the district attorney's denial [of a private criminal complaint] is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter."
>
>> [However,] [w]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions. . . . Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with the settled principles of appellate review of discretionary matters. . . .
>>
>> * * *
>>
>> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. In

4

> the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581-82 (Pa. Super. 2009) (citations and footnote omitted).

In this case, the District Attorney disapproved Appellant's private criminal complaints based on the District Attorney's policy not to become involved in zoning disputes. Because this denial was based on a pure policy consideration, the trial court's review of the District Attorney's decision was for an abuse of discretion. *See Rafferty*, 969 A.2d at 581. Therefore, Appellant was required at the hearing before the trial court to demonstrate that the District Attorney's "decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest." *Id.* at 582. However, as the trial court explained, "[Appellant] presented no evidence whatsoever to establish that an abuse of discretion was committed by the [] District Attorney in disapproving the nine private criminal complaints he filed." Trial Court Decision at 3 (pagination supplied). Further, Appellant's rambling appellate brief, to the extent it raises discernable arguments,[4] fails to direct this Court's review to evidence of record that satisfies Appellant's heavy burden to prove the District Attorney's alleged abuse of discretion amounted to bad faith, fraud

---

[4] We acknowledge the District Attorney's argument that Appellant's brief is so rambling and incoherent as to preclude meaningful review. *See* District Attorney's Brief at 6-8. We further acknowledge that a party's failure to adequately develop a claim can waive the claim for review. *See Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a). We further acknowledge that, while we may be willing to liberally construe a *pro se* litigant's filings, *pro se* status neither confers special benefits on Appellant nor excuses shortcomings in his brief. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). However, given the obvious nature of Appellant's *pro se* challenge and our disposition thereon, we decline to find waiver in this instance.

5

or unconstitutionality. *See generally* Appellant's Brief. As a result, we are constrained to conclude that Appellant has failed to demonstrate that the District Attorney improperly disapproved of Appellant's private criminal complaints or that the trial court abused its discretion in affirming the District Attorney's disapprovals.

Accordingly, we affirm the Trial Court Decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis G. Landmesser,                    :
                          Appellant       :
                                          :
            v.                            :
                                          :
Office of Luzerne County                  :    No. 310 C.D. 2019
District Attorney                         :


PER CURIAM

O R D E R

AND NOW, this 14th day of August, 2019, the November 15, 2018 order of the Court of Common Pleas of Luzerne County is AFFIRMED.

Appellant Francis G. Landmesser's Motion to Expedite is DISMISSED as MOOT.